FILED
JUN 23 2014
[Clerk signature]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MICHAEL VERBURG, | CIV. 14-4093-LLP |
| Petitioner, | |
| -vs- | REPORT and RECOMMENDATION |
| J.S. WILLIS, Warden, and U.S. ATTORNEYS, Columbia, S.C., | |
| Respondents. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Michael Verburg, is a federal inmate currently incarcerated at the Yankton Federal Prison Camp and has filed a petition requesting relief under 28 U.S.C. § 2241.

The Court has taken judicial notice of the file in Petitioner's underlying criminal conviction from the United States District Court, District of South Carolina, Case No. 5:07-45. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

## FACTUAL[1] AND PROCEDURAL HISTORY

Verburg operated a print brokering company that located customers who required printing services, such as print photography, design, and pre-press work. Movant, through his company, contracted with fifty-one companies in the United States and Canada to perform print jobs. Movant would submit the customers' print jobs to printers for bids. Movant would contract with a printer, and then quote a price to the customer at an amount substantially below the printer's bid in order to obtain the customer's business. Movant would receive payment directly from the customer, and either would not pay the printing company for its work, or would pay only a portion of the amount due.

Verburg was indicted on January 16, 2007, for mail fraud in violation of 18 U.S.C. §§ 1341 and § 2. Verburg initially was represented by a Federal Public Defender. On November 1, 2007, James H. Babb, Esquire of the South Carolina Bar was appointed to represent Verburg. Verburg pleaded guilty to mail fraud on February 26, 2008.[2] On October 8, 2008, Verburg retained Byron E. Gipson, Esquire of the South Carolina Bar. On April 3, 2009, Verburg filed a motion to withdraw his plea of guilty. The motion was denied on April 13, 2009. Verburg thereafter was sentenced to incarceration for a term of 108 months, restitution in the amount of $6,273,096.14, and supervised release for a period of three years. Judgment was entered on April 15, 2009. Verburg did not file a direct appeal.

On April 23, 2010, Verburg filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Verburg raised four grounds for relief:

> Ground One: Conviction obtained by a Plea of GUILTY, which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequence of the Plea.

---

[1]The factual history is gleaned from Judge Seymour's Memorandum Opinion and Order dated May 24, 2011, denying Verburg's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. *See Verburg v. United States*, 5:07-45, Doc. 144 (D.S.C. May 24, 2011).

[2]Verburg agreed to waive his rights to a direct appeal in his Plea Agreement.

Ground Two: Conviction obtained by use of a Coerced Confession.

Ground Three: Conviction obtained by a violation of the Privilege against Self-Incrimination.

Ground Four: Denial of Effective Assistance of Counsel.

Judge Seymour denied the 2255 motion, noting Verburg was legally barred from raising Grounds One, Two and Three pursuant to the doctrine of procedural default and specifically found all claims without merit. *See Verburg v. United States*, 5:07-45, Doc. 144 (D.S.C. May 24, 2011). Thereafter, Verburg filed numerous additional motions, including a "Motion for Reconsideration of 2255" pursuant to Fed. R. Civ. P. 59(e) requesting Judge Seymour to vacate her Order denying Verburg's § 2255 Motion. *Id.* Doc. 149. Judge Seymour denied the motions on November 2, 2011. *Id.* Doc. 163. Verburg appealed and on March 27, 2012, the Fourth Circuit Court of Appeals likewise dismissed his claims. *Id.* Doc. 171. On June 13, 2014, Verburg filed the instant Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## ANALYSIS

A review of the document Petitioner has filed with this Court reveals that it must be dismissed because the subject matter of the Petition is outside the boundaries of relief which may be sought through a § 2241 petition.

### Petitioner's Claims are Not Properly Construed as § 2241 Claims

A petitioner may attack the execution of his sentence through a § 2241 petition in the district of his incarceration, but a challenge to the validity of conviction or sentence must be brought under §2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). *See also Hill v. Morrison* 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) contains a "savings clause" which states:

> [an application for habeas relief] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

If § 2255 is adequate or effective, then the District Court lacks jurisdiction to entertain a § 2241 petition. *Hill* at 1091. The Petitioner bears the burden of demonstrating § 2255 relief in the sentencing court is unavailable or ineffective. *Id.; Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Petitioner may not "skirt designated procedural pathways by renumbering [his] filings." *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002).

The statute of limitations/grace period for filing a § 2255 petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is one year. *See* 28 U.S.C. § 2255 (f). That a petitioner's § 2255 motion is time-barred, however, does not render it "inadequate" or "ineffective" for purposes of the savings clause found in § 2255(e) which would allow § 2241 claims. *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (§ 2255 motion is not inadequate or ineffective because petitioner has allowed the one year statute of limitations and/or grace period to expire). Similarly, "[a] § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which could have been or actually was raised in a § 2255 motion filed in the sentencing district." *Hill, Id.* 349 F.3d at 1092. A § 2255 motion is not inadequate or ineffective "merely because (1) § 2255 relief has already been denied (2) the petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one year statute of limitations to expire." *Hill*, 349 F.3d at 1091 (citation omitted, punctuation altered).

Verburg has already raised various claims in a § 2255 motion filed in the sentencing district, but his claims were rejected, both by the sentencing court and the Fourth Circuit. The claims Verburg raises in the instant § 2241 motion do not challenge the manner in which his sentence is being executed, but rather challenge the validity of the conviction or sentence itself.[3] These are precisely the types of claims which must be brought in a § 2255 motion in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). *See also Hill v. Morrison* 349 F.3d 1089, 1091 (8th Cir. 2003).

---

[3]For example, the instant petition asserts the indictment was invalid and that the grand jury process was insufficient. *See* Doc. 1.

Verburg, therefore, has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore, is without jurisdiction to entertain Petitioner's § 2241 claims. *Id.*

For all of these reasons, Petitioner has failed to demonstrate that his remedy under § 2255 is inadequate or ineffective.

## CONCLUSION and RECOMMENDATION

Petitioner has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore is without jurisdiction to entertain Petitioner's § 2241 claims. It is therefore respectfully RECOMMENDED to the District Court that Petitioner's application for writ of habeas corpus (Doc. 1 in this file) be DENIED with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this 23 day of June, 2014.

BY THE COURT:

John E. Simko
United States Magistrate Judge